TAX EXEMPT ORGANIZATIONS
The provisions of 68 O.S. 2359 [68-2359](B) (1971) with respect to the phrase "or other income subject to tax", do not allow Oklahoma to tax exempted organizations on such classes of income as interest income, dividend income, rental income, royalty income, or gains or sales of capital assets. The Attorney General has received your opinion request wherein you in effect asked the following question: In 68 O.S. 2359 [68-2359](B) with respect to the phrase "or other income subject to tax", does this provision allow Oklahoma to tax exempt organizations on such classes of income as (1) interest income, (2) dividend income, (3) rental income, (4) royalty income, or (5) gains or sales of capital assets? Title 68 O.S. 2359 [68-2359] (1971), describes exempted organization as "A. A person or organization exempt from federal income taxation under the provisions of the Internal Revenue Code shall also be exempt from the tax imposed by this act in each year in which such person or organization satisfies the requirements of the Internal Revenue Code for exemption from federal income taxation. If the exemption applicable to any person or organization under the provisions of the Internal Revenue Code is limited or qualified in any manner, the exemption from taxes imposed by this article shall be limited or qualified in a similar manner. "B. Notwithstanding the provisions of subsection A of this section, the unrelated business taxable income or other income subject to tax, as computed under the provisions of the Internal Revenue Code, of any person or organization exempt from the tax imposed by this act and subject to the tax imposed on such income by the Internal Revenue Code shall be subject to the tax which would have been imposed by this act but for the provisions of subsection A of this section." In 1971, Oklahoma adopted federal tax provisions in the Oklahoma Income Tax Act found in 68 O.S. 2351 [68-2351] (1971), et. seq. Section 68 O.S. 2353 [68-2353](12) of the Act provides: "Oklahoma taxable income means taxable income as reported (or as would have been reported by the taxpayer had a return been filed) to the federal government, and in the event of adjustments thereto by the federal government as finally ascertained under the Internal Revenue Code, . . ." The federal statutes allow tax exemptions for certain organizations. Title 26 U.S.C.A. 501(c) provides as follows: " (3) Corporations, and any community chest, fund, or foundation, organized and operated exclusively for religious, charitable, scientific, . . . purposes, no part of the net earnings of which inures to the benefit of any private shareholder or individual, . . ." The Federal Code definition of "unrelated business taxable income" would also be applicable in Oklahoma by virtue of Oklahoma's incorporation of federal tax laws. Title26 U.S.C.A. 512, defines "unrelated business taxable income" as follows: ". . . The gross income derived by any organization (as defined in section 513) regularly carried on by it, less the deductions allowed by this chapter which are directly connected with the carrying on of such trade or business. . . ." (b) The exceptions, additions, and limitations applicable in determining unrelated business taxable income on the following: "(1) There shall be excluded all dividends, interest, and annuities, and all deductions directly connected with such income. "(2) There shall be excluded all royalties (including overriding royalties) whether measured by production or by gross or taxable income from the property, and all deductions directly connected with such income. "(3) There shall be excluded all rents from real property (including personal property leased with the real property), and all deductions directly connected with such rents. "(5) There shall be excluded all gains or losses from the sale, exchange, or other disposition of property other than — "(A) stock in trade or other property of a kind which would properly be includible in inventory if on hand at the close of the taxable year, or "(B) property held primarily for sale to customers in the ordinary course of the trade or business." Since these enumerated classes of income — dividends, interest, royalties, rents and gains from the sale of capital assets — are specifically exempt under the definition of "unrelated business taxable income" in the Federal Code, these classes of income are also exempt in Oklahoma by virtue of the enactment of the 1971 Tax Act. In construing the phrase "other income subject to tax", since these forms of income are not taxable by the Internal Revenue Code under "unrelated business taxable income", it would be contrary to legislative intent to tax them under the phrase "or other income subject to tax", which phrase is found in the Oklahoma Statutes. The language of the entire act should be considered in order to ascertain the intent of the Legislature. In In re Big Cabin Creek Conservancy,382 P.2d 756 (Okl. 1963) at 758, the Court held: "In construing the statute we have kept in mind the well established rule that an ambiguous statute will be given a reasonable and sensible construction." To interpret the statute as allowing a specific exemption in one part and then to attempt to tax the exemption under a general provision in another part of the statute as "other income subject to tax" is neither a reasonable nor sensible construction of the statute. Since the federal government provides exemptions from taxation as to these classes of income under "unrelated business taxable income", the state tax provisions also allow such exemptions by virtue of the enactment of the Tax Act of 1971. Title 68 O.S. 2359 [68-2359](B) (1971) should not be construed so as to be contrary to the intent of the Legislature in adopting the federal tax provisions. It is, therefore, the opinion of the Attorney General that your question be answered in the negative. The provisions of 68 O.S. 2359 [68-2359](B) (1971) with respect to the phrase "or other income subject to tax", do not allow Oklahoma to tax exempted organizations on such classes of income as interest income, dividend income, rental income, royalty income, or gains or sales of capital assets. (Income Tax) (Marvin C. Emerson)